# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE BAUMANN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:09-CV-1687 CAS |
| GOODMAN COMPANY, L.P., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiffs' "Motion for Leave to File First Amended Complaint to Add Defendant Killian Pursuant to Rule 15(a) and Rule 21," and Motion to Remand. The defendant has not responded to either motion and the time to do so has passed. For the following reasons, the motions will be granted.

Plaintiffs filed their original petition in the Circuit Court of the City of St. Louis, State of Missouri, naming as defendant Goodman Company, L.P. ("Goodman"). The petition asserts products liability, negligence and warranty claims against defendant arising from the design, manufacture, sale and installation of a Packaged Terminal Air Conditioner ("PTAC") unit which allegedly malfunctioned and caused a fire in plaintiffs' home. On October 13, 2009, defendant Goodman removed the action to this Court on the basis of diversity jurisdiction.

In the Motion for Leave to Amend, plaintiffs seek to file an amended complaint to add as a defendant Killian Electric, Inc. ("Killian"), which is alleged to be the installer and distributor of the PTAC unit at issue. Addition of Killian to the action would destroy diversity of citizenship because Killian is alleged to be a Missouri corporation and plaintiffs are citizens of Missouri. See 28 U.S.C. § 1332(a).

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure generally governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. **Other Amendments**. (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P. Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

In the removal context, the traditional Rule 15 analysis is further informed by the provisions of 28 U.S.C. § 1447(e). "'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.'" Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997) (quoting 28 U.S.C. § 1447(e)). "Under § 1447(e) the joinder or substitution of nondiverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable." Id. (citation omitted).

Plaintiffs do not seek joinder of Killian as an indispensable party under Federal Rule of Civil Procedure 19. Although plaintiffs cite Rule 21, their motion actually invokes Rule 20, which provides for the permissive joinder of parties. Under Rule 20, the Court is free to permit joinder and remand, or to "continue its jurisdiction over the lawsuit without joinder." Alpers, 173 F.R.D. at 519 (citation omitted).

In deciding whether to permit joinder, the Court should weigh the competing interests of the defendant in maintaining federal jurisdiction and of the plaintiffs in joining a party. The inquiry includes consideration of the extent to which the purpose of the amendment is to obtain a remand, whether the request for amendment was timely made, whether the plaintiffs will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. Alpers, 173 F.R.D. at 520; see also Kirk v. MetLife Investors USA Ins. Co., 2007 WL 4395632 at *1 (E.D. Mo. Dec. 13, 2007).

With respect to the first factor, plaintiffs initially filed this case in state court, and therefore presumably would prefer a remand. Nonetheless, the Court does not find that the main purpose of the proposed amendment is to effect a remand; rather, the Court finds plaintiffs justifiably seek to add Killian as an additional defendant potentially liable for their damages. With respect to the second factor, plaintiffs were not dilatory in seeking leave to amend, as the motion for leave to amend was filed less than three weeks after the case was removed and prior to the entry of any scheduling order. Finally, plaintiffs would be unnecessarily subjected to additional expense if they were required to try their claims against Goodman in a federal forum and their claims against Killian involving the same product in state court. See St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co., 738 F. Supp. 1269, 1271 (E.D. Mo. 1990). Considerations of judicial economy also weigh in favor of

3

permitting plaintiffs to amend their complaint to add Killian as a party defendant, as it is preferable to resolve plaintiffs' claims arising from the PTAC unit in one lawsuit rather than in two suits in two courts.

**Conclusion**

For these reasons, the Court concludes that plaintiffs' motion for leave to amend their complaint to add Killian as a party defendant should be granted. Because Killian's joinder in this action destroys complete diversity of citizenship, the case must be remanded to the court from which it was removed, for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c), (e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' "Motion for Leave to File First Amended Complaint to Add Defendant Killian Pursuant to Rule 15(a) and Rule 21" is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket plaintiffs' First Amended Complaint, which was submitted as an attachment to the motion for leave.

**IT IS FURTHER ORDERED** that because the amendment joins a non-diverse defendant, plaintiffs' Motion to Remand is **GRANTED** [Doc. 13], and this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of November, 2009.